IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**FRANK HARGROVE,**

        **Plaintiff,**

**v.**                                                      **Civil Action No. 5:16cv164**
                                                              **(Judge Stamp)**

**FEDERAL BUREAU OF PRISON;**
**GILMER FEDERAL CORRECTIONAL**
**INSTITUTION,**

        **Defendants.**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On May 27, 2016, the *pro se* Plaintiff, initiated this case by filing a complaint in the United States District Court for the District of Columbia seeking monetary damages. ECF No. 1. On May 27, 2016, the Plaintiff was granted leave to proceed *in forma pauperis*. ECF No. 4. On August 5, 2016, the Defendants, by and through the United States Attorney, filed a motion to transfer the case to this Court. ECF No. 7. On October 19, 2016, the presiding judge granted the motion, finding that the venue provisions of the Federal Tort Claims Act ("FTCA") "requires that they 'be prosecuted only in the judicial district where the plaintiff resides or where the act or omission complained of occurred.'" ECF No. 12 at 2. Transfer of the case was completed on November 7, 2016. ECF No. 13. On that same date, the Clerk of Court issued a Notice of Deficient Pleading and attached this Court's form FTCA complaint. ECF No. 16. On January 5, 2017, the Plaintiff filed his complaint on the court-approved form. ECF No. 26. This matter is before the undersigned for an initial review and

report and recommendation pursuant to LR PL P 2, and 28 U.S.C. §§ 1915.

## II. THE COMPLAINT

The Plaintiff alleges that on April 21, 2015, while he was incarcerated at FCI Gilmer, he attached his music player to a computer station to download music and "immediately" noticed that 313 songs had been deleted from the music player. The Plaintiff alleges that he arrived at FCI Gilmer with 955 songs on his music player and was mentally injured to discover that 313 song had been deleted. He also alleges that he suffered stress from accusations that he deleted the songs intentionally. The Plaintiff acknowledges that he cannot prove that he paid $1.55 for the bulk of the songs deleted, and therefore, he is requesting "$1.20 for each song taken, that is $365.60 for damages, and forty cents for mental anguish suffered for wrongfully accusing me of deleting the songs." ECF No. 26 at 9.deleted plus $0.40 for mental anguish."

## III. Standard of Review

Because Plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in

a liberal fashion.  Haines v. Kerner, 404 U.S. 519, 520 (1972).   A complaint which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous.  See Neitzke at 328.  Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are  "clearly baseless."  Denton v. Hernandez, 504 U.S. 25, 32 (1992).  This includes claims in which the plaintiff has little or no chance of success.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

## IV.  ANALYSIS

The Federal Tort Claims Act (FTCA) is a comprehensive legislative scheme through which the United States has waived its sovereign immunity to allow civil suits for actions arising out of negligent acts of agents of the United States.  The United States cannot be sued in a tort action unless it is clear that Congress has waived the government's sovereign immunity and authorized suit under the FTCA.  Dalehite v. United States, 346 U.S. 15, 30-31 (1953). The provisions of the FTCA are found in Title 28 of the United States Code.  28 U.S.C. § 1346(b), § 1402(b), § 2401(b), and §§ 2671-2680. Pursuant to the FTCA, the United States is liable in the same manner and to the same extent as a private individual under like circumstances in accordance with the law of the place where the act or omission occurred. 28 U.S.C. §§ 2674 & 1346(b)(1); Medina v. United States, 259 F.3d 220, 223 (4th Cir. 2001).

The FTCA includes specific enumerated exceptions in 28 U.S.C. § 2680. If an exception applies, the United States may not be sued, and litigation based upon an exempt claim is at an end.  Smith v. United States, 507 U.S. 197 (1993); Dalehite, *supra*.

---

[1] Id. at 327.

§ 2680(c) of the FTCA expressly preserves sovereign immunity for "[a]ny claim arising in respect of...the detention of any goods, merchandise, or other property by any officer or customs or excise **or any other law enforcement officer**." 28 U.S.C. § 2680(a) (2006)(emphasis added). In 2006, the United States Court of Appeals for the Fourth Circuit joined a minority of courts in holding that the phrase "any other law enforcement officer" does not confer sovereign immunity upon Bureau correctional officers moving inmates' property because such officers are not acting in a tax or customs capacity. Andres v. United States, 441 F.3d 220, 227 (4th Cir. 2006). However, in 2008, the United States Supreme Court determined that this exception does preserve sovereign immunity for torts committed by all federal law enforcement officers specifically including officers employed by the Federal Bureau of Prisons. Ali v. Fed. Bureau of Prisons, 552 U.S. 214 (2008).[2]

In Ali, the Supreme Court did not address the specific types of BOP action that may or may not constitute a "detention" of property under § 2680(c). However, in the years since Ali was decided, several district courts in the Fourth Circuit have applied Ali and § 2680(c) to facts similar to those presented in the instant case. See Barrett v. United States, 2014 WL 4084187, at *1-2 (N.D. W. Va. Aug. 19, 2014) (dismissing a complaint wherein a plaintiff alleged that a correctional officer was liable for failing to secure the plaintiff's property in his cell after escorting the plaintiff and his cell mate to the correctional officer's office); aff'd per curiam, 585 F. App'x 49 4th Cir. 2014); Perkins v. Deboo, 2009 WL 1650443, at * 1 (N.D.

---

[2]In Ali, the petitioner, a federal prisoner, was transferred from the USP in Atlanta, Georgia to the USP Big Sandy in Inez, Kentucky. Before being transferred, he left two duffle bags containing his personal property in the Atlanta prison's Receiving and Discharge Unit to be inventoried, packaged, and shipped to USP Big Sandy. When his bags arrived, several items were missing, and he pursued a claim under the FTCA.

4

W. Va. June 11, 2009) (dismissing a plaintiff's claim regarding property that was actually lost or stolen during the plaintiff's transfer from one correctional institution to another); Mathis v. United States, 2008 WL 2922798, at *1 (D.S.C. July 24, 2008) (granting a motion to dismiss a claim involving property that was allegedly lost during a transfer); Dillard v. United States, 2016 WL 3546364 (N.D.W.Va. June 22, 2016) (dismissing for lack of subject matter jurisdiction a claim that prisoner's personal property was misplaced during a cell transfer); and Branch-El v. Carrillo, 2015 WL 12964661 (E.D.N.C. Dec 7, 2015), aff'd Branch v Carrillo, 651 Fed. Appx. 215 (4th Cir. 2016), cert. denied Branch v. Carrillo, __ U.S. __, 137 S.Ct. 821 (2017) (dismissing as frivolous and for failure to state a claim an FTCA action alleging that a guard intentionally disposed of plaintiff's dental bridge, glasses, radio, and head phones). Accordingly, upon consideration of the circumstances presented in this case, the undersigned concludes that the Plaintiff's complaint should be dismissed.

In addition, the undersigned notes that the BOP "accepted and considered [his claim] for administrative settlement under 31 U.S.C. § 3723." ECF No. 26-7. This section of the Code provides that the "head of an agency... may settle a claim for not more than $1000 for damage to, or loss of, privately owned property that . . . Is caused by the negligence of an officer or employee of the United States Government acting with the scope of employment . . . ." 31 U.S.C. § 3723(a). This statute is part of the Military Personnel and Civilian Employees' Claim Act ("MPCECA"), and courts have long held that the statute was written in such a way as to make the agency's determination of claims final and conclusive, with no provision for review by the federal courts. See Merrifield v. United States, 14 Cl. Ct. 180, 183-84 (1988); See also Cook v. United States, 2012 WL 384887, at *3 (D.S.C. Jan.

6, 2012) (personal property claims against the BOP are governed by 31 U.S.C. § 3723 and the government's decisions regarding these claims are not subject to judicial review) (citing Merrifield and 31 U.S.C. § 3721(k)); Oriakhi v. United States, 2009 WL 1066109, at *1 (D.N.J. April 20, 2009) (same).

## V. RECOMMENDATION

In consideration of the foregoing, it is the undersigned's recommendation that: (1) the Plaintiff's complaint be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted.

Within fourteen (14) days after being served with a copy of this recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections.  A copy of such objections should also be submitted to the United States District Judge.  Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1);Thomas v. Arn, 474 U.S. 140 (1985) Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.  The Clerk of Court is further **DIRECTED** to provide counsel of record[3] with a copy via electronic means.

---

[3]Tara Noel Tighe, Assistant United States Attorney for the Northern District of West Virginia, was granted leave to substitute herself as counsel for the Defendants after the case was transferred to this District. However, she has not filed any other pleadings since the Motion to Substitute Counsel. ECF No. 20.

Dated: May 31, 2017.

/s Robert W. Trumble

ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE