IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


FRANK HARGROVE,

        Plaintiff,

v.                                    Civil Action No. 5:16CV164
                                                        (STAMP)
FEDERAL BUREAU OF PRISONS and
GILMER FEDERAL CORRECTIONAL
INSTITUTION,

        Defendants.


                  **MEMORANDUM OPINION AND ORDER**
                  **AFFIRMING AND ADOPTING REPORT AND**
                  **RECOMMENDATION OF THE MAGISTRATE JUDGE**

                         I.  Background

    The pro se[1] plaintiff, Frank Hargrove, initiated this case by filing a complaint in the United States District Court for the District of Columbia, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq.  The defendants then filed a motion to transfer the case to this Court.  The United States District Court for the District of Columbia granted the motion to transfer.  Once the transfer to this Court was completed, the civil action was referred to United States Magistrate Judge Robert W. Trumble for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation 2.  This Court then issued a notice of deficient pleading (ECF No. 16) and the plaintiff

─────────────────

        [1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer.  Black's Law Dictionary 1416 (10th ed. 2014).

responded by filing his complaint on the court-approved form (ECF No. 26).

In his complaint, the plaintiff alleges that, while he was incarcerated at FCI-Gilmer, he attached his music player to a computer station to download music and "immediately" noticed that 313 songs had been deleted from the music player. Specifically, the plaintiff alleges that he arrived at FCI-Gilmer with 955 songs on his music player and was mentally injured to discover that 313 of those songs had been deleted. The plaintiff further alleges that he suffered stress from accusations that he deleted the songs intentionally. For relief, the plaintiff requests $1.20 for each song taken, totaling $375.60 in damages, plus $0.40 for mental anguish suffered for wrongfully being accused of deleting the songs.

The magistrate judge then entered a report and recommendation recommending that this Court dismiss the plaintiff's claim. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within 14 days after being served a copy of the report and recommendation. Neither party filed any objections to the report and recommendation. For the reasons set forth below, this Court affirms and adopts the magistrate judge's report and recommendation in its entirety.

## II. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. Because the plaintiff did not file any objections to the report and recommendation, the magistrate judge's findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

## III. Discussion

In his report and recommendations, the magistrate judge explains that the FTCA "permits the United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred." Medina v. United States, 259 F.3d 220, 223 (4th Cir. 2001). However, the magistrate judge also explains that the FTCA bars, through sovereign immunity, "[a]ny claim arising in respect of . . . the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer." 28 U.S.C. § 2680(c). This exception has been expanded to include Bureau of Prisons ("BOP") employees. Ali v. Federal Bureau of Prisons, 552 U.S. 214 (2008). Accordingly, the magistrate judge concludes that this Court lacks jurisdiction to hear the plaintiff's claim.

Additionally, the magistrate judge explains that 31 U.S.C. § 3723, part of the Military Personnel and Civilian Employees' Claim Act, provides that the head of the BOP may administratively settle such a claim for the loss of privately-owned property caused by the negligence of an officer or employee of the United States acting within the scope of employment. The magistrate judge finds that the BOP accepted and considered the plaintiff's claim for administrative settlement under the statute. ECF No. 26-7. The magistrate judge then notes that the statute makes the BOP's determination of claims final and conclusive, with no provision for review by the federal courts. See Merrifield v. United States, 14 Cl. Ct. 180, 183-84 (1988). This Court finds no error in the determinations of the magistrate judge and thus upholds his recommendation.

## IV. Conclusion

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, this Court AFFIRMS and ADOPTS the magistrate judge's report and recommendation (ECF No. 39) in its entirety. The plaintiff's complaint is thus DISMISSED WITH PREJUDICE and it is ORDERED that this civil action be STRICKEN from the active docket of this Court.

Finally, this Court finds that the plaintiff was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the plaintiff has failed to object, he has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the pro se plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: December 18, 2017

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE